FILED

2007 Jan-02  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SYLVANUS OGBURIA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 5:06-CV-2275-VEH** |
| | ) | |
| ALABAMA AGRICULTURAL & | ) | |
| MECHANICAL UNIVERSITY, et | ) | |
| al., | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER
## ON MOTION FOR LEAVE TO AMEND;
## <u>MOTION TO DISMISS</u>

## I.      INTRODUCTION

The plaintiff, Sylvanus Ogburia ("Ogburia") is a former tenured professor employed by the defendant, Alabama Agricultural and Mechanical University ("Alabama A&M"). His employment was terminated by the defendant, Dr. Robert Jennings ("Jennings"), the President of Alabama A&M. Jennings is sued both individually and in his official capacity. The remaining defendants are members of the Board of Trustees of Alabama A&M and are sued in their official capacities only. The Board members are collectively referred to herein as the "Board Members".

Jennings, the Board Members, and Alabama A&M are collectively referred to herein as "Defendants".

Ogburia's Complaint has five counts.  All counts are alleged against all Defendants.   Count One seeks declaratory and injunctive relief, including reinstatement and compensatory and punitive damages.  Count Two is for breach of contract and seeks reinstatement and compensatory and punitive damages.  Count Three is for Mandamus and seeks reinstatement and compensatory and punitive damages.   Count Four is for deprivation of due process under the Alabama Constitution of 1901 and seeks reinstatement and compensatory and punitive damages.  Count Five is for deprivation of due process under the United States Constitution, is brought pursuant to 42 U.S.C. § 1983, and seeks reinstatement and compensatory and punitive damages.  Ogburia's Motion for Leave to Amend seeks to add a Sixth Count, wrongful termination under state law, and seeks reinstatement and compensatory and punitive damages.

There are two motions pending before the court: (1) Defendants' Motion to Dismiss and Motion for More Definite Statement (doc. 2); and (2) Ogburia's Motion for Leave to File Amended Complaint (doc. 6).  The court will address these motions

in order.[1]

## II.    FACTUAL ALLEGATIONS

The factual allegations of Ogburia's Complaint are that: (1) Ogburia was a tenured professor at Alabama A&M; (2) Jennings, as President of Alabama A&M, terminated Ogburia's employment; (3) Ogburia denies "any factual allegations that served as the basis for Jennings [sic] decision;" (4) Defendants "failed or refused to provide [Ogburia] with pre-termination or post-termination Due Process;"[2] and Defendants "failed or refused to adopt or follow policies for termination of a tenured Professor [sic] at [Alabama] A&M."

## III.    MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

Defendants seek to have Ogburia's Complaint dismissed: (1) as to Alabama A&M, in its entirety, on the basis that Alabama A&M is absolutely immune under sovereign immunity as established in Article I, Section 14 of the Alabama Constitution of 1901 and the Eleventh Amendment of the United States Constitution; (2) as to the Board Members in their official capacities, in its entirety, on the basis

---

[1] Because Defendants' basis for opposing Ogburia's Motion for Leave to Amend is that such amendment would be futile in that the Amended Complaint would be due to be dismissed for the same reasons stated in their Motion to Dismiss (as to the Counts One through Five of Ogburia's Complaint), the Court will include Ogburia's proposed Count Six in its analysis of Defendants' Motion to Dismiss.

[2] Explained in Ogburia's brief as the failure to provide a pre- or post-termination hearing.

that they are absolutely immune under sovereign immunity or state-agent immunity; and (3) as to Jennings, in his individual capacity, in its entirety, on the basis that he is absolutely immune under sovereign immunity or alternatively under qualified immunity or state-agent immunity.  Alternatively, Defendants seek to have Ogburia plead his § 1983 claims with more specificity, under the heightened specificity standard applicable to such claims.

Ogburia concedes that the Eleventh Amendment bars suit against Alabama A&M.  Ogburia also concedes that the Eleventh Amendment bars suit against Jennings in his official capacity and the Board Members[3], except to the extent that the Ogburia seeks prospective relief.  Ogburia contends that none of his claims against Jennings individually are barred.

### A. <u>Motion to Dismiss Standard of Review</u>

The court may dismiss a complaint under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d

---

[3] Who are sued only in their official capacities.

4

1045, 1047 (11th Cir. 2002), citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132

F.3d 1359, 1367 (11th Cir. 1998).

"[U]nsupported conclusions of law or of mixed fact and law have long been

recognized not to prevent a Rule 12(b)(6) dismissal." *Dalyrymple v. Reno*, 334 F.3d

991, 996 (11th Cir. 2003), quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036,

n.16 (11th Cir. 2001).  "A complaint may not be dismissed because the plaintiff's

claims do not support the legal theory he relies upon since the court must determine

if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross &*

*Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in

original), citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).  "The threshold

of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure

to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769

F.2d 700, 703 (11th Cir. 1985), quoting *Quality Foods de Centro America, S.A. v.*

*Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983).

**B.    Discussion**

**1.    Eleventh Amendment Immunity**

Defendants contend that the Eleventh Amendment provides immunity from this

type of suit as to Alabama A&M and each of the individual defendants (the Board

Members and Jennings) to the extent that they are sued in their official capacities. In

response to these arguments, Ogburia concedes that the Eleventh Amendment bars his suit against Alabama A&M. Ogburia further concedes that his claims for money damages against the Board Members and Jennings in their official capacities are barred. Ogburia argues that the Eleventh Amendment does not bar suits against these individual defendants in their official capacities for prospective relief.

The Eleventh Amendment provides that

> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. The Eleventh Amendment also proscribes suits by citizens against their own state. *Hans v. Louisiana,* 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). It is well established that the states and their agencies are immune from suit for monetary damages. *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974). Additionally, in *Alabama v. Pugh,* 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978), the Supreme Court held that actions for injunctive relief against a state or its instrumentalities were not an exception to the Eleventh Amendment bar. In fact, the Supreme Court has explained that the Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its

6

immunity, or where Congress has overridden the state's immunity.[4]  *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L. Ed. 2d 67 (1984);  *Quern v. Jordan,* 440 U.S. 332, 341, 99 S. Ct. 1139, 1145, 59 L. Ed. 2d 358 (1979).

The Eleventh Amendment does not insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law.  *See Edelman,* 415 U.S. at 664-71, 94 S. Ct. at 1356-60; *Scheuer v. Rhodes,* 416 U.S. 232, 237-38, 94 S. Ct. 1683, 1687-88, 40 L. Ed. 2d 90 (1974);  *Ex parte Young,* 209 U.S. 123, 159-60, 28 S. Ct. 441, 453-54, 52 L. Ed. 714 (1908).  In such cases, it is the individual and not the state which is being sued, and when a state official acts unconstitutionally, he is stripped of his official or representative character and Eleventh Amendment protection.  *Ex parte Young,* 209 U.S. at 159-60, 28 S. Ct. at 453.  Moreover, the Eleventh Amendment does not bar monetary relief, including costs, which is ancillary to the prospective injunctive relief. *Kentucky v. Graham,* 473 U.S. 159, 169 n.18, 105 S. Ct. 3099, 3107 n.18, 87 L. Ed. 2d 114 (1985).

However, in cases where the state official is only a nominal defendant in a suit

---

[4]  Ogburia concedes that this case is <u>not</u> of the kind in which such exceptions apply and, consequently, the court assumes for purposes of its analysis that none of the exceptions to a state's Eleventh Amendment immunity apply here.

for damages, and the state is the true defendant because the plaintiff is "seeking to impose a liability which must be paid from public funds in the state treasury," the Eleventh Amendment remains as a bar. *Edelman,* 415 U.S. at 663, 94 S. Ct. at 1356. This rule applies whether the plaintiff brings an action for damages against a state, a state agency or instrumentality, or a state official. *Id.* Thus, the Eleventh Amendment bars suits for damages against state officials acting in their official capacity when the state is the real party in interest. *Pennhurst,* 465 U.S. at 101, 104 S. Ct. at 908.

A court faced with a claim of Eleventh Amendment immunity must first determine whether the plaintiff is suing the state. This often involves deciding whether the entity raising the defense can be considered an "agency or instrumentality" of the state. State law guides this determination. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S. Ct. 568, 572, 50 L. Ed. 2d 471 (1977); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981).[5]

### a.   Alabama A&M

In the Eleventh Circuit, courts applying Eleventh Amendment immunity have

---

[5] Decisions of the Fifth Circuit prior to October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1210 (11th Cir.1981).

determined that under Alabama law universities are agencies or instrumentalities of the state. *See, e.g., Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir.1985) (Eleventh Amendment bars suit under 42 U.S.C. § 1983 against Troy State University); *Davis v. Alabama State Univ.,* 613 F.Supp. 134, 139-140 (M.D. Ala. 1985) (Eleventh Amendment protects Alabama State University from former employee's § 1983 suit). These cases compel the court to find that Alabama A&M is an agency or instrumentality of the state. As previously discussed, the Eleventh Amendment prohibits federal courts from allowing suits brought by citizens against a state and its agencies or instrumentalities.

Accordingly, it is the opinion of the court that Alabama A&M is due to be dismissed from this action. In light of the court's finding that the claims against Alabama A&M are barred by the Eleventh Amendment, the court does not reach Defendants' arguments that the Alabama Constitution grants Alabama A&M absolute immunity from suit.

### b. The Board Members and Jennings, Sued in Their Official Capacities

Ogburia sues the Board Members and Jennings in their official capacities.[6] Although the Defendants argue that these defendants "enjoy the same absolute

---

[6] He also sues Jennings in his individual capacity.

immunity from suit as the State itself" (doc. 3, p. 5), they are wrong.  To the extent that Ogburia seeks prospective injunctive relief to stop these defendants, in their official capacities, from violating *federal* law, the Eleventh Amendment is not a bar. *See Edelman,* 415 U.S. at 664-71, 94 S. Ct. at 1356-60; *Scheuer v. Rhodes,* 416 U.S. at 237-38, 94 S. Ct. at 1687-88; *Ex parte Young,* 209 U.S. at 159-60, 28 S. Ct. at 453-54.  However, to the extent that Ogburia seeks prospective injunctive relief to stop these defendants, in their official capacities, from violating *state* law, the Eleventh Amendment *is* a bar.[7]

> In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears.  A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law.  On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Pennhurst*, 465 U.S. 89, 106, 104 S. Ct. 900, 911.

## 2. Absolute Immunity under the Alabama Constitution

Relying on a few Alabama state court cases, the Defendants contend that, to the

---

[7]  Similarly, the Eleventh Amendment is a bar to any claim seeking retroactive relief as to these individual defendants.

extent that Ogburia is suing the Board Members and Jennings in their official capacities, they are entitled to immunity under the Alabama Constitution.  The Constitution of Alabama provides "[t]hat the State of Alabama shall never be made defendant in any court of law or equity." Ala. Const. art. I, § 14.

As explained above, to the extent that Ogburia seeks prospective or retroactive relief against these individual defendants in their official capacities for violations of state law, such claims are barred by the Eleventh Amendment, and the court will therefore not consider whether they are also barred by the Alabama Constitution. Also as explained above, further, to the extent that Ogburia seeks retroactive relief against these individual defendants in their official capacities for violations of federal law, such claims are also barred by the Eleventh Amendment, and the court will therefore not consider whether they are also barred by the Alabama Constitution. This leaves just one category of claims for such consideration: claims for prospective relief for violation of federal law.  The court finds that such claims are not barred by the Alabama Constitution.  *See Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 360, 110 S. Ct. 2430, 2434, 110 L. Ed. 2d 332 (1990) (explaining *Martinez v. California,* 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980)), as holding that a State cannot immunize an official from liability for injuries compensable under federal law).

11

### 3.    State Agent Immunity

Because a state cannot immunize an official from liability compensable under federal law,[8] state agent immunity does not bar Ogburia's claims for prospective relief for violation of federal law.  Because all of Ogburia's state law claims are due to be dismissed under Eleventh Amendment immunity, the court does not consider whether state agent immunity applies to such claims.

### 4.    Adequacy of the Complaint

Defendants argue that Ogburia's complaint is inadequate in that he fails to plead facts which establish his prima facie case with the particularity required for claims against persons who may be entitled to assert the defense of qualified immunity.

### a.    Qualified Immunity

The Board Members and Jennings contend that they are entitled to qualified immunity for actions they took in their individual and official capacities.

Qualified immunity may be claimed by an individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S. Ct. 2727, 2736, 73 L. Ed. 2d 396 (1982).  Qualified immunity is a question of law to be decided by the court prior to

---

[8]  See Section III B. 2., *supra*.

trial.  It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich,* 925 F.2d 1339, 1345 (11th Cir.1991).  The only person who is sued individually in this case is Jennings.  Therefore, the court's analysis of the adequacy of Ogburia's complaint will be limited to the adequacy of the allegations against Jennings individually.

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test.  *Harlow,* 457 U.S. at 815-19, 102 S. Ct. at 2736-39. Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if their challenged conduct did not violate a clearly established constitutional right of which a reasonable person would have known, given the circumstances and information possessed by the official at the time of the conduct. *Id.* at 818, 102 S. Ct. at 2738.

The objective-reasonableness test is a two part analysis.  First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred.  *Hutton v. Strickland,* 919 F.2d 1531, 1537 (11th Cir.1990) (citations omitted).  A government official may prove that he was acting within the scope of his authority by showing facts and circumstances that would indicate that his actions were part of his normal job duties

13

and were taken in accordance with those duties. *Rich v. Dollar,* 841 F.2d 1558, 1564 (11th Cir.1988); *Cronen v. Texas Dep't of Human Services,* 977 F.2d 934, 939 (5th Cir.1992) ("An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity.").

Once the defendant proves that he was acting within his discretionary authority, the burden then shifts to the plaintiff to prove that the defendant did not act in good faith. *Hutton,* 919 F.2d at 1537. The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'" *Id.* (citations omitted). The second prong of the objective-reasonableness test has two sub-parts. *Id.* at 1538. First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred. *Id.* Second, the court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law." *Id.*

"Clearly established" means that "[t]he contours of the [violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987).

This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say

that in light of the preexisting law the unlawfulness must be apparent.  *Id.* (citations omitted).  Under this standard, qualified immunity is available to protect "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986).

To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the "legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, ... the law clearly proscribed the actions the defendant took."  *Barts v. Joyner,* 865 F.2d 1187, 1190 (11th Cir.1989), *cert. denied,* 493 U.S. 831, 110 S. Ct. 101, 107 L. Ed. 2d 65 (1989) ( quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411 (1985)).  In determining whether the plaintiff meets this burden, the court is guided by the Eleventh Circuit's direction in *Nicholson v. Georgia Dep't of Human Resources,* 918 F.2d 145 (11th Cir.1990):

> In satisfying this burden, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry.  Under this inquiry, the plaintiff need not point to one or more cases that resolved the precise factual issues at issue in his or her case.  '[A]lthough the standard is fact-specific, it is not one of factual rigidity.'  Rather, the plaintiff need only show that there existed sufficient case law establishing the contours of his or her constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official

in the same circumstances and possessing the same knowledge as the defendant.

*Id.* at 147 (citations omitted).

If the plaintiffs satisfy their initial burden and show that the rights that defendants' conduct allegedly violated were clearly established at the time of defendants' conduct, the court must then determine whether the plaintiffs have adduced evidence sufficient to create a genuine issue of fact as to whether defendants actually engaged in conduct that violated clearly established law. *Rich,* 841 F.2d at 1564; *see also Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1503 (11th Cir.1990). In this undertaking, the court must draw all inferences of fact in favor of the plaintiff when the plaintiff is the party opposing the motion. *Stewart,* 908 F.2d at 1503.

Thus, the court must determine whether Jennings acted in a way that was clearly unconstitutional. In other words, the court must here decide if Ogburia's complaint sufficiently alleges facts which if true could establish that Jennings violated clearly established law by terminating Ogburia's employment without a pre-termination or post-termination hearing.

16

### b.       The Heightened Specificity Pleading Requirement

The court recognizes that the Supreme Court has held that a heightened pleading requirement may not be imposed in § 1983 cases involving claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 166, 113 S. Ct. 1160, 1163, 122 L. Ed. 2d 517 (1993). The Eleventh Circuit has made clear, however, that heightened specificity is still required in § 1983 claims against state actors in their individual capacities. *See Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004) (discussing post- *Leatherman* cases that recognized that the heightened pleading standard is only applicable in § 1983 suits against individuals to whom qualified immunity is available, specifically, *Laurie v. Ala. Court of Crim. Appeals*, 256 F.3d 1266, 1275-76 (11th Cir.2001) (" 'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities.") and *Kyle K. v. Chapman,* 208 F.3d 940, 944 (11th Cir.2000) (recognizing "heightened pleading requirement applicable to § 1983 actions against individual government officials")). Therefore, with regard to Count Five, Ogburia's § 1983 claims, this court will analyze the sufficiency of Ogburia's allegations in light of these standards.

There are two (2) essential elements to a § 1983 action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1912-13, 68 L. Ed. 2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Ogburia alleges that the acts of all Defendants, including Jennings in his individual capacity, were taken under color of state law.  However, as the Defendants correctly point out, Ogburia does not specifically allege what conduct Jennings participated in that violated Ogburia's due process rights, nor does Ogburia explain whether he was deprived of his substantive or his procedural right to due process, or both.  Further, Ogburia fails to articulate in his complaint or proposed amended complaint the existence of a property interest protected under the United States Constitution. Ogburia merely states that he was "deprived ... of a constitutionally-protected property interest by state action" and that Defendants "failed to provide a constitutionally adequate process."   Additionally, Ogburia alleges that the Defendants' actions "were wholly arbitrary, capricious, and unrelated to any legitimate state objective, and were motivated by bad faith, were unsupported by any rational basis, and violated clearly established law."  Further, it is not clear what

Jennings's stated basis was for Ogburia's termination.  Finally, Ogburia claims that all Defendants "failed or refused to provide Ogburia with pre-termination and post-termination Due Process" and that all Defendants "failed or refused to adopt or follow policies for termination of a tenured Professor [sic] at [Alabama] A&M."  Ogburia fails to state what specific acts or omissions were taken or omitted by Jennings.  He further fails to state what policies were not adopted or followed.  All these facts are vital to Ogburia's § 1983 claims and must be specifically alleged in a nonconclusory fashion.  Based on the face of the Complaint, this court finds that the allegations against Jennings are not sufficiently specific to meet the heightened pleading standard for such claims.  Since the heightened pleading standard is not met, the Defendants' Motion to Dismiss is due to be granted as to the § 1983 claims against Jennings in his individual capacity.

Ogburia claims that the information as to the policies of Alabama A&M is outside his control and is within the control of the Defendants.  The heightened specificity standard requires "no more than that the plaintiff tell his story, relating the pertinent information that is already in his possession." *Hunter,* 943 F.2d at 76 (citing *Siegert v. Gilley,* 500 U.S. 226, 244-46, 111 S. Ct. 1789, 1800-01, 114 L. Ed. 2d 277 (1991) (Marshall, J., dissenting)).  Therefore, the court will allow limited discovery on the issue of what policies were in force with regard to terminations of tenured

professors at Alabama A&M as of the date of Ogburia's termination.  Further, the court finds that Ogburia is entitled to amend his complaint to attempt to correct these deficiencies.

## IV.    MOTION FOR LEAVE TO AMEND

In his Motion for Leave to Amend, Ogburia seeks to add an additional state law claim of wrongful termination.  In as much as the court has previously found[9] that Ogburia's state law claims are barred by the Eleventh Amendment, the proposed new claim would likewise be due to be dismissed, were the amendment permitted.  The amendment would therefore be futile.  As such, Ogburia's Motion for Leave to Amend is due to be **DENIED**.  *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

## V.    CONCLUSIONS

For the foregoing reasons, it is hereby the **ORDER** of the court that Defendants' Motion to Dismiss is due to be **GRANTED** in part and **DENIED** in part, to the extent that:

(1) Defendants' Motion to Dismiss Ogburia's complaint, to the extent that it is based on the argument that Alabama A&M is immune from suit under the Eleventh Amendment, is due to be and is hereby **GRANTED** and Alabama A&M is Dismissed

---

[9] *See* Section III. B.

as a party defendant.

(2) Defendants' Motion to Dismiss Ogburia's complaint, to the extent that it is based on the argument that the Board Members and Jennings are immune from suit in their official capacities under the Eleventh Amendment to the Constitution of the United States is due to be and hereby is **DENIED** to the extent that Ogburia seeks prospective relief for violations of federal law and is otherwise **GRANTED**.

(3) Defendants' Motion to Dismiss Ogburia's complaint, to the extent that it is based on the argument that the Board Members and Jennings are immune from suit in their official capacities under Article I, Section 14 of the Constitution of Alabama is due to be and is hereby **DENIED** to the extent that Ogburia seeks prospective relief for violations of federal law.

(4) Defendants' Motion to Dismiss Ogburia's complaint, to the extent that it is based on the argument that the Board Members and Jennings are immune from suit in their official capacities as state agents is due to be and is hereby **DENIED** to the extent that Ogburia seeks prospective relief for violations of federal law.

(5) Defendants' Motion to Dismiss and for More Definite Statement, to the extent that it is based on the argument that the complaint fails to satisfy the "heightened specificity" pleading standard is due to be **GRANTED** as to Jennings in his individual capacity only unless Ogburia amends his complaint to allege with

specificity facts which establish his claim under 42 U.S.C. § 1983 for violation of his due process rights as it applies to Jennings in his individual capacity and which allow Jennings to ascertain whether he is entitled to qualified immunity.

(5) Accordingly, it is further **ORDERED** as follows:

Ogburia is permitted to take discovery of Jennings and the Board Members as to the limited issues of (1) what polic(ies), procedure(s), rule(s), and/or regulation(s) Alabama A&M had in force and effect regarding the termination of tenured professors on the date of Ogburia's termination; and (2) what persons or entities caused such polic(ies), procedure(s), rule(s), and/or regulation(s) (or no polic(ies), procedure(s), rule(s), and/or regulation(s)) to be in force and effect on such date.  Such discovery may commence immediately upon the issuance of this Order.

On or before April 10, 2007, Ogburia shall be allowed to file an amendment to the complaint setting forth what specific facts establish his federal claims against Jennings individually.  If Ogburia files such amendment, Defendants will have until April 30, 2007, to plead further.

(6) And it is further **ORDERED** that Ogburia's Motion for Leave to Amend is due to be and is hereby **DENIED**.

**DONE** and **ORDERED** this the 2nd day of January, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge