FILED

2009 May-04  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SYLVANUS OGBURIA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 5:06-CV-2275-VEH** |
| | ) | |
| ALABAMA AGRICULTURAL & | ) | |
| MECHANICAL UNIVERSITY, et | ) | |
| al., | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER, AMEND OR VACATE

### I.    INTRODUCTION

Before the court is the Motion to Alter, Amend or Vacate (Doc. 72), brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure by Plaintiff, Dr. Sylvanus Ogburia ("Ogburia").   For reasons discussed below, the Motion is **DENIED**.

On April 20, 2009, this Court entered a Memorandum Opinion and Order (Doc. 69) (the "Order") granting in part and denying in part Defendants' Motion for Summary Judgment and granting in part and denying in part Plaintiff's Motion for

Partial Summary Judgment. (Docs. 69, 70.) The instant motion challenges one aspect of the Court's Order–its decision to grant summary judgment in favor of Dr. Robert Jennings ("Jennings") on all claims brought against him in his individual and official capacities. (*See* Doc. 73.) Because the Court finds that the motion is due to be denied upon its own review of the Plaintiff's brief, it takes the motion under submission without the aid of briefing from Defendant.

## II.   STANDARD OF REVIEW FOR A MOTION TO ALTER AMEND OR VACATE

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005). The Honorable William H. Steele, United States District Court for the Southern District of Alabama has provided this Court with a succinct summary of the principles that guide a district court judge in addressing a motion brought under Rule 59(e).

> "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S. D. Ala.2005); *see also United States v.*

*Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla.2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order." *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D. Ala.2007); *see also Gougler*, 370 F.Supp.2d at 1189 n. 1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, * 1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar). Furthermore, it is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F.Supp.2d at 1189 (citation omitted); *see also American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D.Ala.2002) (denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). The Eleventh Circuit has also stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir.1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

*Ohio Cas. Ins. Co. v. Holcim (US) Inc.*, No. 06-CV-0317-WS-M, 2007 WL 4189503 at *2 (S.D. Ala. Nov. 20, 2007) (addressing a similar Motion to Alter or Amend Judgment brought under Rule 59(e)).

## III.   ANALYSIS

Ogburia first argues that the Court committed manifest error of law by finding that Jennings did not personally participate in the alleged Constitutional violation. Specifically, Ogburia argues that "[b]y examining Dr. Jennings's personal participation in the <u>process</u> instead of Dr. Jennings's personal participation in the <u>decision to deny a process</u>, this Honorable Court engaged in a manifest error of law." (Doc. 73 at 2 (emphasis added).)  Ogburia's argument misunderstands the Court's ruling.

The Court found that Jennings did not "personally participate" in the violation of Ogburia's post-termination due process rights because Jennings lacked "final policymaking authority."  (Doc. 69 at 49 (citing *Hill v. DeKalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1192 (11th Cir.1994), *overruled in part by Hope v. Pelzer*, 536 U.S. 730, 739 n. 9 (2002)).  The Court then found that both Alabama law and the University's own faculty handbook established that the Board, and not the President, had sole authority as the final decisionmaker regarding any grievances against Jennings himself.  (Doc. 69 at 50.)

Thus, in making these findings, the Court concluded that Jennings did not "personally participate in the alleged constitutional violation," *see Amnesty Intern. v. Battle*, 559 F.3d 1170, 1181 (11th Cir. 2009), because he lacked the authority to do

4

so in any grievance brought against the President.  That authority was vested solely with the Board of Trustees.  (*See* Doc. 69 at 50.).  Therefore the Court rejects this basis for the pending motion.  The Court committed no manifest error of law.

Ogburia next argues that the Court committed a manifest error of fact regarding Jennings's personal participation in the grievance process. (Doc. 73 at 5.)  According to Ogburia, because the "administration" was required to bear the burden of proof and proffer witnesses and because Jennings was the only person in the administration with whom the Grievance Committee communicated, genuine issues of material fact precluded the Court from finding that Jennings was not personally responsible for providing a deficient post-termination grievance process.  (*Id.*)

This argument ignores the Court's conclusion that Jennings did not have policymaking authority as to Ogburia's post-termination grievance process.  The Court instead concluded that the Board, and not Jennings, possessed final decisionmaking authority to set policy regarding post-termination grievance process as to grievances brought against the President. (*See* Doc. 69 at 50.)  None of the facts cited by Ogburia (which the Court also noted in its factual history of the case and considered at length in making its decision) change the Court's analysis.  Therefore, this argument, too, must fail.

Finally, Ogburia argues that the Court committed a manifest error of law by

5

finding that Jennings lacked the authority of a final decisionmaker regarding Ogburia's post-termination grievance process. (Doc. 73 at 6.) In support of this argument, Ogburia argues that the Board had delegated its authority to Jennings and that this argument was raised in his briefing on the Defendant's Motion for Summary Judgment. (Doc. 64 at 27-30.)

Ogburia is correct in noting that he contended that policymaking authority had been delegated to Jennings with respect to pre-termination due process. (*See id.*) The citations in his summary judgment brief point to evidence regarding the irrelevant (for purposes of post-termination due process analysis) fact that Jennings had final authority to make decisions to terminate faculty members. The Court recognized that Jennings had the authority to terminate faculty members and provide pre-termination due process in its Order and it concluded that this pre-termination process was adequate (*see* Doc. 69 at 33-42), a finding which Ogburia has not challenged in the instant motion.

However, as the Court has stated *supra*, there is no genuine issue of material fact that Jennings did not have final decisionmaking authority regarding post-termination grievances brought against himself (the President of the University). Only the Board of Trustees had that authority. No facts in the record on summary judgment suggest that the Board of Trustees delegated that authority to Jennings and

6

Ogburia provides no additional evidence that would support such a conclusion here. Consequently, this argument is due to be rejected as well.

**IV.    CONCLUSION**

As discussed above, the Court finds Ogburia's arguments to be unavailing. Therefore, because the Court finds that it committed neither a manifest error of fact or law, the Motion to Reconsider is hereby **DENIED**.

**DONE** and **ORDERED** this the 4th day of May, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge